FILED IN MY OFFICE
DISTRICT COURT CLERK
7/7/2014 1:42:32 PM
STEPHEN T. PACHECO

Raven Garmon-Martinez

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA

ROBERTA MARTINEZ,

Plaintiff,

vs. No. D-117-CV-2013-00050

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY,

Defendant.

**DEFENDANT RIO ARRIBA COUNTY BOARD OF COUNTY COMMISSIONERS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS I AND II OF THE COMPLAINT ALLEGING BREACH OF CONTRACT AND WRONGFUL DISCHARGE**

COMES NOW Defendant, Rio Arriba County Board of County Commissioners ("County"), by and through its counsel of record, Yenson, Allen & Wosick, P.C. (Robert W. Becker, appearing), and moves for partial summary judgment as a matter of law on Counts I and II of the Complaint alleging breach of contract and wrongful discharge. Due to the dispositive nature of this motion, concurrence of opposing counsel was not sought. It is assumed that the motion is opposed.

As grounds for its motion, the County states as follows:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Roberta Martinez ("Ms. Martinez") began employment with the County on September 25, 2007 as an Adult Day Care Aide/Driver at $7.00 per hour. On May 14, 2010, she was reclassified to Center Coordinator for the Espanola Senior Center. Her pay was $16.02 per



hour. See affidavit of Jessica Madrid, Human Resources Director, Rio Arriba County, attached as Exhibit A, ¶ 3.

2. Ms. Martinez requested Family Medical Leave (FMLA) on October 27, 2010 due to her medical condition. On November 3, 2010, she received disability. Madrid affidavit, Exhibit A, ¶ 4.

3. Ms. Martinez exhausted her 12 weeks of FMLA leave on January 19, 2011. She was given advance notice of the impending exhaustion by letter dated January 6, 2011. See Supplemental Affidavit of Jessica Madrid attached as Exhibit B, ¶ 3, sub-exhibit 1. However, she had disability benefits and paid leave donations from other employees that carried her through February 4, 2011 in terms of pay. Exhibit A, ¶ 5.

4. Ms. Martinez did not return to work after her 12 weeks of FMLA leave expired. In fact, her physician certified that she would be unable to return to work. Madrid Supplemental Affidavit, Exhibit B, ¶ 4, sub-exhibit 2.

5. Rio Arriba County could no longer hold open Ms. Martinez's position as of February 4, 2011. Ms. Martinez's employment with Rio Arriba County ended February 5, 2011 due to exhaustion of FMLA leave. Exhibit A, ¶ 6.

6. Ms. Martinez's termination from employment with the County was not a disciplinary matter. See supplemental affidavit of Jessica Madrid attached as Exhibit B, ¶ 7.

7. The County has a grievance appeal procedure for disciplinary matters. That procedure requires an investigation of incidents that could subject a classified employee like Ms. Martinez to discipline, a pre-termination hearing and a post-termination grievance appeal. Madrid supplemental affidavit, Exhibit B, ¶ 6, sub-exhibit 3 attached thereto.

8. The grievance appeal process only applies to disciplinary matters. Madrid supplemental affidavit, Exhibit B, ¶ 6.

9. Employees exhausting FMLA leave are expected to return to work. If they do not return to work, the County considers it to be an abandonment of one's position with the County for which no hearing is provided by the County before the employee is terminated. Exhibit B, ¶ 7, sub-exhibit 4.

10. Rio Arriba County has never provided a hearing under its pre-termination and grievance appeal process to any employee who abandoned their position or who did not return to work after exhaustion of FMLA leave or other type of leave. See Affidavit of Adan Trujillo attached as Exhibit C.

11. The Rio Arriba County Personnel Handbook explicitly disclaims that it is a contract of employment, express or implied, on page 1. See p. 1 of Rio Arriba County Personnel Handbook at Exhibit D.

## ARGUMENT

### I. Ms. Martinez Did Not Return to Work Upon the Exhaustion of her FMLA Leave, Which Constituted Abandonment of Her Position with the County and Establishing the County's Right to Terminate Her Employment.

The Family Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA), permits an eligible employee a total of 12 work weeks of leave during any 12 month period of time because of a serious health condition that makes the employee unable to perform the functions of the employee's position. 29 U.S.C. § 2612(a)(1)(D). Upon return from FMLA leave, an employee is entitled to be restored to an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment. 29 U.S.C. § 2614(a)(1)(B).

Under FMLA, an employee is protected only if she reports for work with a certification from a physician that she is fit to return to work. Mandaine v. American Drug Stores, Inc., 408 F.Supp.2d 1169, 1205 (D. Kan. 2006), citing 29 C.F.R. § 825.311(c). If the employee fails to return to work after her FMLA leave expires, she can be terminated. McClelland v. Community Care HMO, Inc., 503 Fed. Appx. 655, 659 (10th Cir. 2012).

Ms. Martinez exhausted her FMLA leave on January 19, 2011. As of February 4, 2011, she had not returned to work. The County was, thus, not obligated as a matter of law to hold her position open or to offer her an equivalent position. There was no wrongful termination of Ms. Martinez and consequently, the County should be granted summary judgment as a matter of law on Count II of her Complaint, alleging wrongful discharge.

**II. The County Did Not Breach Any Contract With Ms. Martinez by Terminating Her Without a Hearing Because the Rio Arriba County Personnel Handbook is Not a Contract. But Even if it is a Contract, the Handbook's Provisions on Grievance Appeal Hearings Only Apply in the Context of Discipline, Not Job Abandonment.**

**A. The Rio Arriba County Personnel Handbook is Not a Contract of Employment.**

One exception to the requirement of a valid written contract with a governmental entity under NMSA 1978 Section 37-1-23(A) is where a personnel manual give rise to an implied contract "if it controlled the employer-employee relationship and an employee could reasonably expect his employer to conform to the procedures it outlined." Cockrell v. Bd. of Regents of N.M. State Univ., 2002-NMSC-9, ¶ 26, 45 P.3d 876, 887 (2002) (emphasis added) (quoting Newberry v. Allied Stores, Inc., 108 N.M. 424, 427, 773 P.2d 1231, 1234 (1989)). For a personnel manual to create contractual rights, its terms "must be sufficiently explicit to create a reasonable expectation of an implied contract." Trujillo v. N. Rio Arriba Elec. Co-op., Inc.,

2002-NMSC-004, ¶ 22, 131 N.M. 607, 41 P.3d 333, 342 (2001). "The reasonableness of expectations is measured by just how definite, specific or explicit has been the representation or conduct relied upon." Hartbarger v. Frank Paxton Co., 115 N.M. 665, 672, 857 P.3d 776, 783 (1993). If an alleged promise is not sufficiently explicit, there is no implied contract. Hartbarger, 115 N.M. at 669, 857 P.2d at 780.

The Rio Arriba County Personnel Handbook specifically states on page 1:

> . . . this handbook is not an employment contract, either for initial or continued employment, nor does this handbook create any expressed or implied contractual obligations.

Exhibit D. In New Mexico, "[t]he general rule is that an implied covenant cannot co-exist with express covenants that specifically cover the same subject matter." Elliott Industries Ltd. Partnership v. BP America Production Co., 407 F.3d 1091, 1112 (10th Cir. 2005) (quoting Nearburg v. Yates Petroleum Corp., 123 N.M. 526 943 P.2d 560, 569 (1997)). Courts have emphasized that an implied covenant may exist in the absence of any expressed agreement on a particular subject *only*

> [w]hen it is clear. . . from the relevant parts of the *contract taken together and considered with the facts and circumstances surrounding the execution of the agreement* that the obligation in question was within the contemplation of the parties or was necessary to effect their intention[.]

Given the disclaimer in the County's handbook, it could not have been contemplated by Ms. Martinez that the handbook created an implied contract of employment. The handbook expressly states to the contrary. Thus, there was no contract of employment that was breached by the County.

**B. Even if the Court Construes the Rio Arriba County Personnel Handbook as a Contract, Ms. Martinez was not Entitled to a Pre-Termination Hearing or a Grievance Appeal Hearing Where She Was Not Disciplined But Rather, She Abandoned Her Position of Employment.**

The Rio Arriba County Personnel Handbook provides procedures for a pre-termination hearing and a post-termination appeal hearing in the context of disciplinary action. Exhibit B, ¶ 6. Abandonment of one's position for a period of three (3) consecutive regularly scheduled work days is considered a voluntary resignation by an employee, which is not subject to due process. Exhibit B, ¶ 7.

Here, Ms. Martinez exhausted FMLA Leave on January 19, 2011. But as of February 4, 2011, Ms. Martinez had not returned to work. She was thus in unauthorized leave status for 10 days, considered to be abandonment of her position by County rule, and tantamount to a voluntary resignation of her position. She was, thus, not entitled to a hearing upon her separation of employment from the County. Exhibit B, ¶ 7.

In summary, there was no breach of any of the handbook's provisions by the County. Count I of Ms. Martinez's Complaint alleging breach of contract should be dismissed.

## CONCLUSION

For the reasons stated, the County is entitled to partial summary judgment on Counts I and II of Ms. Martinez's Complaint, alleging breach of contract and wrongful discharge.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

**/s/ Robert W. Becker**
Robert W. Becker
***Attorney for Defendant Rio Arriba County Board of County Commissioners***
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736
(505) 266-3995
rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 7th day of July, 2014, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Antonio J. Salazar
***Attorney for Plaintiff***
P.O. Box 171
Alcalde, NM 87511-0171
(505) 459-8571
ajsalazarlaw@gmail.com

***/s/ Robert W. Becker***

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA

ROBERTA MARTINEZ,

Plaintiff,

-vs- No. D-117-CV-2013-00050

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY,

Defendant.

**AFFIDAVIT OF JESSICA MADRID**

STATE OF NEW MEXICO )
) ss.
COUNTY OF RIO ARRIBA )

Jessica Madrid, of full age, being duly sworn according to law, upon her oath, deposes and states the following:

1. I am the Human Resources Director for Rio Arriba County and have served in that capacity since July 1, 2004.

2. I have personal knowledge of the following facts.

3. Roberta Martinez ("Ms. Martinez") began employment with the County on September 25, 2007 as a Substitute for Senior Programs at $7.00 per hour. On October 16, 2007, Ms. Martinez was reclassified to Adult Day Care Aide/Driver at a rate of pay of $11.20 per hour. On May 1, 2010, Ms. Martinez was reclassified to Center Coordinator for the Espanola Senior Center at a rate of pay of $15.83 per hour.

4. On October 27, 2010, Ms. Martinez requested Family Medical Leave ("FMLA") due to a medical condition. On November 3, 2010, she received disability.



5. Ms. Martinez exhausted her 12 weeks FMLA leave on January 19, 2011. However, she had disability benefits and paid leave donations from other employees that carried her through February 5, 2011 in terms of her pay.

6. The County could no longer hold Ms. Martinez position open as of February 4, 2011; she was terminated by the County effective February 5, 2011 due to exhaustion of FMLA leave.

Further Affiant sayeth naught.

Jessica Madrid

STATE OF NEW MEXICO )
) ss.
COUNTY OF RIO ARRIBA )

SUBSCRIBED AND SWORN to before me this 2nd day of January, 2014.

Notary Public

My Commission Expires:
March 4, 2015

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA

ROBERTA MARTINEZ,

Plaintiff,

-vs- No. D-117-CV-2013-00050

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY,

Defendant.

**SUPPLEMENTAL AFFIDAVIT OF JESSICA MADRID**

STATE OF NEW MEXICO )
) ss.
COUNTY OF RIO ARRIBA )

Jessica Madrid, of full age, being duly sworn according to law, upon her oath, deposes and states the following:

1. I am the Human Resources Director for Rio Arriba County and have served in that capacity since July 1, 2004.

2. I have personal knowledge of the following facts.

3. As stated in my previous affidavit, Ms. Martinez exhausted her 12 weeks of FMLA leave on January 19, 2011. She was given advance notice of the impending exhaustion of FMLA leave by letter dated January 6, 2011. A true and accurate copy of that letter is attached as sub-exhibit 1. In fact, her physician certified that she would be unable to return to work. A true and accurate copy of that certification is attached as sub-exhibit 2.



4. Ms. Martinez did not return to work upon her exhaustion of FMLA leave.

5. The County could no longer hold Ms. Martinez's position open as of February 4, 2011; she was terminated by the County effective February 5, 2011 due to exhaustion of FMLA leave.

6. The County has a due process procedure that pertains solely to discipline of employees. It provides for an investigatory process, a predetermination hearing, a procedure for the imposition of discipline after the predetermination hearing and a grievance appeal process if an employee wishes to challenge any discipline imposed, including termination. It applies to classified employees. A true and accurate copy of the due process procedure for discipline that was in effect in February of 2011 is attached hereto as sub-exhibit 3.

7. Ms. Martinez was not terminated for disciplinary reasons. She was terminated for failure to return to work after exhaustion of FMLA leave. Under the County's policies and procedures, failure to return to work after exhaustion of FMLA leave is considered abandonment of one's position. Abandonment of one's position for 3 days is treated as a voluntary resignation for which no process is due. True and accurate copies of the County's policies in this regard are attached hereto collectively as sub-exhibit 4.

Further Affiant sayeth naught.

Jessica Madrid

STATE OF NEW MEXICO )
) ss.
COUNTY OF RIO ARRIBA )

SUBSCRIBED AND SWORN to before me this 25th day of June, 2014.

MOLLY A. OTERO NOTARY PUBLIC STATE OF NEW MEXICO

[signature]
Notary Public

My Commission Expires:
May 23, 2016



# Rio Arriba
# Office of Human Resources

COMMISSIONERS
Alfredo L. Montoya
Chairman
District 2

Elias Coriz
District 1

Felipe D. Martinez
District 3

COUNTY MANAGER
Tomas Campos

January 6, 2011

Mailed Certified and Regular Mail 7006 0100 0001 7768 9352

Ms. Roberta Martinez
PO Box 486
[redacted] NM [redacted]

Dear Ms. Martinez

This is a follow-up letter to the conversation I had with you this evening regarding your Family Medical Leave (FML) and disability benefits. You have been under FML since October 27, 2010 and receiving disability benefits since November 3, 2010. I have verified with the system and Payroll that you have 31 hours left of leave. You requested assistance with donations of leave. I have sent out a request for you.

As a reminder you need to maintain and submit your time sheets accordingly. As of today, January 6, 2011 you have two (2) weeks remaining under FML through January 19, 2011. If you need further information on FML, please refer to pages 35-36 of the Rio Arriba county Personnel Handbook. Please continue to submit updated physician statements to the disability office.

If there is anything else HR can assist you with or if your status changes please feel free to contact my offic[e]

Respectfully

Jessica [signature]

Jessica Madrid
Human Resource [D...]

Xc: Medical File
Maria Montoy[a]

SUB-EXHIBIT
1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Ms. Roberta Martinez
P.O. Box 486
[redacted] N.M. [redacted]

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [handwritten] C. Date of Delivery [handwritten]

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JAN 14, 2011

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

RIO ARRIBA COUNTY

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7006 0100 0001 7768 9352

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

Received Time Jan. 18. 2011 10:11AM No. 4852

# Physician Update In Status Form

Mail To:
OR FAX

The State of New Mexico
RMD Disability Benefits Services
P. O. Box 6850
Santa Fe, NM 87502-6580

RECEIVED 1/18/11

Claim Questions: Toll Free (877) 301-8041

FAX TO: (505) 827-0594

Name of Patient: Roberta R Martinez | Date of Birth: [redacted] | Social Security Number: [redacted]

In your opinion, what is the diagnosis and prognosis of patient's condition? [redacted]

In your opinion, do you think the patient will recover from this illness or injury? If so, when (please consider ICD9)?
no

a) Date of first visit for this illness or injury? 5/24/10
b) Date of last visit? Same
c) Date of next visit? Feb 2011
d) Frequency of visits? q 2-3 mos

Nature of Treatment including surgery and medications prescribed, if any. [redacted]

Progress

a) Has patient
___ Recovered
X Unchanged
___ Improved
___ Retrogressed

b) Is patient
X Ambulatory
___ House Confined
___ Bed Confined
___ Hospital Confined

c) If unchanged or retrogressed, please explain: [redacted]

d) Has patient been hospital confined: Yes or (No)

Confined from: ____________ to ____________

If "Yes" give name and address of hospital

**If you do not do impairment ratings please give us enough information on the first two questions above to be able to evaluate as appropriate.**

Cardiac (If applicable) a) Functional Capacity (American Heart Association)
(Class 1) (No limitation)
Class 2 (Slight Limitation)
Class 3 (unmarked limitation)
Class 4 (Complete limitation)

b) Therapeutic Class (Activity)
A No restric.
B Slight restric
C Moderate restric
(D) Marked restric.
E Complete restric

c) Blood pressure last visit [redacted]
Systolic/Diastolic

Physical Impairment (*As defined in federal dictionary of occupation titles)
Class 1 - No limitation of functional capacity, capable of heavy work *No restrictions. (0-10%)
Class 2 - Medium manual activity *(15-30%)
Class 3 - Slight limitation of functional capacity, capable of light work *(35-55%)
Class 4 - Moderate limitation of functional capacity, capable of clerical/administration (sedentary*0 activity. (60-7...
(Class 5) - Severe limitation of functional capacity, incapable of minimum (sedentary *activity) (75-100%)

Mental Impairment (If applicable)
a) Please define "stress" as it applies to this claimant
b) What stress and problems in interpersonal relations has claimant had job?
(Class 1) - Patient is able to function under stress and engage in interpersonal relations (no limitations)
Class 2 - Patient is able to function in most stress situations and engage in most interpersonal relations (slight limitations)
Class 3 - Patient is able to engage in only limited stress situations and engage in only limited interpersonal relations (moderate limitations)
Class 4 - Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitations)
Class 5 - Patient has significant loss of psychological, physiological, personal and social adjustment (severe limitations)

Do you believe the patient is competent to endorse checks and direct the use of the proceeds thereof? Yes or No

Remarks:

SUB-EXHIBIT 2

Received Time Jan. 18. 2011 10:..AM No. 4852

| a) Does patient currently have Limitations/restrictions? Patient's Occupation: Yes or No Any other work: Yes or No | b) Describe specific limitations and restrictions She unable to work | |
|---|---|---|
| c) If employer is able to accommodate patients limitations and restrictions is this patient able to return to work? Yes (No) Part-time Full-time | | d) What date could employment begin? |

Under what conditions can this patient return to work? Please elaborate

unable to work, permanently disabled

| Are you the physician related to this patient? Yes (No) | If "Yes" what is the relationship? |
|---|---|
| Printed Name (attending physician) Lydia Ahmad Degree/Specialty MD | Telephone Number 983 9460 |
| Street Address, City or Town, State of Province, and Zip Code 242 Brothers Rd Santa Fe NM 87505 | Fax Number 505 983 0561 |
| Signature [signature] Tax I.D. Number | Date 1/11/11 |

# Rio Arriba County
# Personnel Handbook




SUB-EXHIBIT 3

1122 Industrial Park Rd
Espanola, NM 87532

P.O. Box 127
Tierra Amarilla, NM 87575

*REVISED: 5-29-03*

d) writing that a disciplinary action report was presented to the employee for signature. The witness' signature indicates that the employee received a disciplinary action report, but does not necessarily indicate concurrence with its content. The employee will be given a copy of the disciplinary action report along with any accompanying documentation.
e) Dismissals are subject to the formal grievance procedures.
f) Dismissals become a permanent part of the employee's personnel file.

RAC 15: PERFORMANCE IMPROVEMENT PLAN (PIP) (Appendix H)

The primary objective of a Performance Improvement Plan (PIP) is the delivery of quality service to the citizens of Rio Arriba County. There are two categories of performance at the County: satisfactory and unsatisfactory. The County evaluation system will concentrate on the improvement of unsatisfactory performance or behavior and on the improvement or acquisition of the required job skills. All County employees may voluntarily request placement and participation in a Performance Improvement Plan.

A. If an employee's performance becomes unsatisfactory, the Supervisor will implement the following strategies:
   1. If the performance of the employee is unsatisfactory and the problem is not willful defiance, the Supervisor will initiate a coaching strategy to attempt to obtain the desired performance improvement.
   2. If the coaching approach does not obtain the desired improvement in performance or if the performance is willful defiance, the Supervisor will implement a counseling approach together with the imposition of a Performance Improvement Plan (PIP). The PIP will state the area of responsibility and the standards of performance that are deficient. The PIP will also identify the result or improvement of standards expected and the time frame in which to obtain the desired improvement.
   3. Failure to meet the desired improvement in performance or behavior will result in demotion or termination.

B. The desire and hope of the County is that this approach to performance evaluations will provide the Supervisor with sufficient time to deal with the problems confronted by employee(s) and sufficient effort can be given to correcting employee problems. On the other hand, if the correction cannot be obtained, the documentation will exist for appropriate action to be taken by management.

RAC 16: DISCIPLINARY ACTION & GRIEVANCE PROCEDURE

16.1 Disciplinary Procedure (Appendix G)

A. When an incident occurs or when good cause exists which may warrant taking disciplinary action against a classified employee, the Supervisor considering such disciplinary action shall first conduct an investigation and review into the incident or other matter constituting good cause for disciplinary action.

B. Upon completion of the investigation and review, the Supervisor shall take one of two actions based on the facts and findings of the investigation:
   1. If the investigation and review do not support taking disciplinary action against the employee, the Supervisor will drop the matter by documenting his decision in writing to the County Manager, with a copy to the employee.
   2. If the investigation and review support taking disciplinary action against the employee, the Supervisor will document the reasons in writing to the County Manager for the proposed discipline with a copy to the employee.

C. The reasons for the proposed discipline will then be presented to the employee. The employee shall sign an acknowledgement of the receipt of said reasons for the proposed discipline. This acknowledgement of receipt shall not constitute an admission of wrongdoing on the part of the employee.

D. The employee will be provided an opportunity to respond to the reasons for proposed discipline at a pre-disciplinary/pre-determination hearing to be scheduled and heard by the Department Director within five (5) working days of the date of the written notice of proposed discipline.

E. The employee will be given the opportunity to respond to the reasons for the proposed discipline at this pre-disciplinary/pre-determination hearing. After the hearing, management will make the

decision and take the action it deems to be appropriate in light of its findings from the investigation, review, and the employee's responses to the reasons put forward for the proposed discipline. Management may drop the proposed discipline, modify the reasons for the proposed discipline, modify the proposed disciplinary action, or proceed with the originally proposed disciplinary action.

16.2 Grievance Procedure

A. Once disciplinary action has been taken against a classified employee, the employee may, within five (5) working days of the decision to take disciplinary action, file a written grievance with the County Manager.

B. The written grievance shall identify the specific disciplinary action that is being grieved, the date the disciplinary action was taken against the employee, the relief requested by the employee, the date the grievance was filed, and the signature of the grievant employee.

C. Failure on the part of the employee to file the written grievance within five (5) working days of the date of receipt of the disciplinary action may result in a decision by management that the grievance be considered null and void.

D. If the grievance is filed within the five (5) working days of the decision to take disciplinary action, the County Manager will schedule a hearing to take place within ten working days of the date of the grievance.

E. The County Manager may act as the hearing officer at the scheduled hearing, or appoint another individual to act as the hearing officer and hear the matter in his/her behalf.

F. Notice of the hearing will be provided by the hearing officer to the employee and department head. Both parties may elect to have representation at the hearing. The hearing officer shall make all decisions on questions of procedure and maintain order during the hearing. The hearing officer shall make his decision based on the information presented at the hearing. This decision shall be in writing and include the reasons for same. A copy of the written decision shall be provided to the employee and the County Manager. The decision of the hearing officer is final and not subject to appeal to the County Manager or the RAC Board of Commissioners.

16.3 Conditions or Actions not Grievable

The following non-grievable issues include but are not limited to the following:

A. Disputes as to whether or not an established County policy or practice is good.

B. Matters in which a method of review is mandated by law.

C. Matters where the County is without authority to act or does not have the ability to provide a remedy.

D. Performance evaluation, preferences for employment, promotions, transfers, temporary assignments, removal from temporary assignments, and layoffs.

E. Termination of a probationary employee prior to the expiration of the probationary period.

F. Letters of complaint against an employee from citizens when the Supervisor determines that the complaints are justified and appropriately placed in the employee's personnel file.

G. Written reprimands by the Supervisor which are first provided to the employee and then placed in the employee's personnel file.

H. Any nondiscriminatory management action which does not result in an actual material or monetary loss to the employee, including future anticipated benefits or monetary gains.

RAC 17: PAY PLAN/COMPENSATION

17.1 Salary Pay Schedule

A. The County Manager may appoint a committee to review and recommend changes to the job classification and salary schedule.

B. The salary pay schedule may be adopted by the RAC Board of Commissioners for each fiscal year at the time of the adoption of the County budget and shall be made a part of the County budget.

C. The salary schedule sets forth salary ranges for each of the various job levels and shall include all County employees.

D. In addition, hourly equivalent wage rates are developed for each respective salary position. Rates are applicable to employees paid on an hourly basis based on a work month of 173.3 hours or on an

# Rio Arriba County Personnel Handbook







1122 Industrial Park Rd
Espanola, NM 87532

P.O. Box 127
Tierra Amarilla, NM 87575

*REVISED: 5-29-03*

B. Abandonment of Workstation
All employees are expected to be on task other than during scheduled break or during their lunch hour. Failure to be performing their job responsibilities or assignments will be considered abandonment of job.

## RAC 11: GENERAL WORKING CONDITIONS

11.1 Nepotism

A. Immediate family members working together may lead to claims of favoritism by other employees or family issues may lead to unnecessary tension in the workplace. To protect smooth operations, employees who are related or living together should not:
1. Direct or control the work of the other;
2. Report to the other;
3. Have any review or sign-off relationship with the other.

B. No department shall permit the hiring, promotion, or direct supervision of an employee by a person who is related by blood or marriage to the employee.

C. Immediate family members, as defined herein, and unrelated persons sharing a spousal relationship, shall not work in the same department when there is a Supervisory relationship between them. The Elected Official/Department Director should refer any problems arising from such a situation to the Human Resource Director for review. Immediate family members, former spouses, or unrelated persons sharing a spousal relationship cannot fill or be promoted into a position which requires supervision by an immediate family member, former spouse, or unrelated person sharing a spousal relationship. Neither shall any Elected Official or County employee give employment as clerk, deputy or assistant, or other class of departmental position to any immediate family member, former spouse, or other unrelated person sharing a spousal relationship when that person's compensation is to be paid out by public funds.

D. When there is a change in assignment or relative relationship among County employees which leads to the supervision of or by other relatives, former spouses or unrelated persons sharing a spousal relationship, or a violation NMSA 1978, Section 10-1-10 (1987 Rep. Pamp.), the employee must inform the Elected Official/Department Director in writing within five (5) working days. The Elected Official/Department Director must transmit the letter and a recommended course of action to the Human Resource Director within five (5) working days of receipt of the letter.

11.2 Outside Employment

A. As a condition of employment with Rio Arriba County, all employees engaging in outside employment must report such activity to their immediate Supervisor.

B. Any employee may engage in outside employment or acquire private interest in a business provided such employment does not interfere with the efficient performance of County duties, conflict, or give rise to suspicion of conflict with the interests of the County.

C. Upon report of outside employment activities, Supervisors must review the outside employment for consistency with the best interests of the County. The County reserves the right to prohibit outside employment that creates real or potential conflict of interest to the County.

D. Unless they have authorized leave, employees shall not engage in any other employment during the hours that they are scheduled to work for the County.

E. County property issued to an employee will not be used while engaged in outside employment.

F. Any County employee or County official who has a financial interest which he/she believes or has reason to believe may be affected by the actions of the County by which he/she is employed shall disclose the precise nature and value of such interest (Appendix E). The disclosure shall be made in writing to the County clerk before entering County employment, and during the month of January each year.

G. Employees are advised to seek guidance from their immediate Supervisor or Elected Official/Department Director before engaging in outside activities, which in any way could be suspected of violating the NMSA 4-44, Section 22-25 as stated:

- *Every employee of the County who has a financial interest which he believes or has reason to believe may be affected by the actions of the County by which he is employed shall disclose the precise nature and value of such interest. The disclosures shall be made in writing to the County clerk before entering County employment, and during the month of January each year.*

18.2 Unauthorized Leave

Employees are required to notify their Supervisor/designee as soon as possible of any absence from work. Absence without approved leave will be leave without pay. Unauthorized leave may not be charged to annual leave or compensatory time. Absence for three (3) consecutive days, without approved leave, may be considered a voluntary resignation from employment by the employee.

18.3 Administrative Leave with Pay

The Elected Official/Department Director or designee, subject to the approval of the County Manager/Assistant County Manager or designee may grant administrative leave with pay, not to exceed twenty (20) working days and whenever circumstances warrant such leave. The RAC Board of Commissioners may grant an extended period of administrative leave through resolution.

18.4 Administrative Leave without Pay

Leave without pay may be granted by the Elected Official/Department Director. Requests for leave without pay longer then ten (10) working days require Rio Arriba County Manager/Assistant County Manager's approval. The RAC Board of Commissioners may grant an extended period of administrative leave without pay through resolution. Annual leave does not accrue while an employee is on leave without pay.

18.5 Annual Leave

Employees in probationary, classified, unclassified and term status are eligible for annual leave accrual under the following conditions:

A. Employee will accrue annual leave at the rate of 6.6667 hours per pay period for a total of one hundred sixty (160) hours per year.
B. Part time classified employees working more than 20 hours but less than 40 hours a week will accrue annual leave on a pro-rata basis.
C. Annual leave should be requested and approved at least forty-eight (48) hours in advance, when possible. Approval will be subject to advance notification and the needs of the department/office.
D. Accrued annual leave may be requested and approved after the completion of the first six (6) months of continuous employment.
E. Annual leave may carryover from one fiscal year to another up to a maximum of two hundred forty (240) hours. Any leave in excess of two hundred forty (240) hours will be converted to sick leave.
F. Annual leave does not accrue while an employee is on leave without pay.
G. Probationary employees will accrue annual leave from the first day of hire; however, annual leave cannot be used until the completion of six (6) months of employment.
H. Accrued annual leave will not be paid to a probationary employee if he/she separates from County employment before completing six months of continuous employment.
I. Upon termination of employment, non-probationary employees, having worked over a six-month period, will be paid for unused annual leave that has been earned through the last day of work including any allowable carryover. Payment will be made on the next regularly scheduled payroll. Approved annual leave may be taken in minimum increments of one hour. To take annual leave, employees shall request advance approval from their immediate Supervisors. Efforts are made to accommodate the employee's request; however, such leave is subject to staffing requirements and approval by the Department Director.
J. In the event that the job requirements are such that employees cannot take their annual leave prior to the end of the fiscal year, the immediate Supervisor must submit to the County Manager by June 30th, a letter requesting an extension for use of annual leave. Such request is subject to the approval by the RAC Board of Commissioners.
K. The payroll department will keep a cumulative record of all annual leave accrued and used.

18.6 Donation of Annual Leave

A. An employee may transfer a minimum of one (1) day and up to a maximum of five (5) days of accrued annual leave to another employee upon approval of the County Manager. This transfer may be used only for sick leave. This is not an employee sick leave bank, but an employee option.
B. A department's written request to the Human Resource Director shall include:

18.19 Educational Leave

A. With the approval of an employee's immediate Supervisor, up to four (4) work hours per week will be allowed for class attendance for a course scheduled during normal work hours.

B. Part-time employees will not be granted educational leave.

C. A Supervisor may choose to deny educational leave when the workload is anticipated to be particularly high.

D. Once educational leave is recommended by the Elected Official/Department Director and approved by the County Manager, the employee will be allowed to complete the course of study without interruptions.

E. Educational leave is to be used for job related courses, for actual class attendance and for travel time to and from the institution. It will not be used to provide the participant with study time or to make up for missed lunches.

F. Documentation of course completion must be furnished to the Human Resource office within one week of receipt of the grade. Upon receipt, it will be filed in the employee's Human Resource file for processing the reimbursement. Acceptable documentation is a copy of the official grade report or an official transcript which includes the course(s) for which Tuition Assistance was granted.

G. Employees who change their course status or withdraw from the institution must inform the Human Resource office and their Supervisor within one week of the action.

H. No class assignments or homework will be done during working hours.

18.20 Family and Medical Leave Act (FMLA)

Rio Arriba County complies with provisions of the Family and Medical Leave Act (FMLA). The following summarizes employee rights under the FMLA.

A. Types of Absences Covered

Under the FMLA an employee may take up to twelve (12) weeks within a twelve (12) month period of unpaid leave of absence for:

1. The birth of his/her child.
2. Care for his/her newborn child (birth – twelve (12) months of age).
3. Placement of a child with him/her for adoption or foster care.
4. The serious health condition of his/her parent, child, or spouse which requires care provided by the employee.
5. The employee's own serious health condition causing him or her to be unable to perform his/her job.

B. Eligibility of FMLA Benefits

To be eligible for family medical leave benefits, an employee must have worked for the County for at least one year, and must have worked at least 1,250 hours in the year preceding his/her request for family medical leave.

C. Length of Leave

Under FMLA, an employee is entitled to be on leave as long as a physician (or other legally qualified healthcare provider) certifies that the employee's (or the condition of his/her family member) necessitates his/her absence up to a maximum total of 12 weeks within a 12-month period. These 12 weeks include sick leave, annual leave, and other paid time (e.g., short-term disability or workers' compensation) taken while on family medical leave. For example, if an employee has ten (10) days accrued sick leave and ten (10) days accrued annual leave at the time his or her family medical leave begins, the first four (4) weeks of his or her family medical leave will be with pay and eight (8) weeks will be without pay for a total family medical leave of 12 weeks.

D. Intermittent Leave

If an employee, or his/her family members' condition requires only periodic treatment (e.g., chemotherapy or dialysis), he/ she may request family medical leave on an intermittent basis. Intermittent leave can be taken in hourly increments and will be counted toward the twelve (12) week allotment in the increments taken (12 weeks = 480 hours, or a pro-rated portion for part-time employees).

E. 12-month Period Defined

The twelve (12) month period for family medical leave eligibility begins with the date of first absence qualifying for family medical leave, and rolls forward from that date. The amount of family medical

leave an employee is entitled to, depends on how much time he/she has taken during the twelve-month period prior to his or her request for leave. For example: If an employee took four (4) weeks family medical leave beginning September 1, 1997, and took another four weeks beginning January 1, 1998 (total eight (8) weeks), he/ she would only have four (4) weeks family medical leave allotment available until September 1, 1998.

F. Sick Leave and Annual Leave while on Family Medical Leave
   1. If the family medical leave is for an employee's own serious health condition, he/she will be required to use accrued sick leave first. If after accrued sick leave is used, and the employee remains on family medical leave, then he/she will be required to use accrued annual leave.
   2. Once accrued sick leave and annual leave are used, the remainder of the family medical leave will be without pay.
   3. If an employee is taking family medical leave for the care of a newborn child, child adoption or child placement in foster care, or the serious health condition of a parent, spouse, or child, the employee will be allowed to use accrued sick leave at his/her option as allowed by Department of Labor regulations. Once sick leave is used, or if the employee elects not to use sick leave, he/she will then be required to use accrued annual leave. Once accrued sick leave and annual leave are used, the remainder of the family medical leave will be without pay.
   4. Sick leave or annual leave do not accrue while an employee is on family medical leave without pay.

G. Procedure
   1. When foreseeable, (e.g., for child birth or elective surgery), an employee is required to give at least thirty (30) days written request notice prior to taking family medical leave.
   2. Unforeseeable circumstances do not require thirty (30) days advance notice. In such case, an employee must give notice as soon as practical. Failure to give timely notice may affect an employee's ability to take leave as requested.
   3. The Human Resource Director should be notified as soon as an employee is aware that family medical leave is appropriate for his/her situation. Employees will request for family medical leave in writing. An employee's family medical leave will commence from the first date of absence for the covered situation, regardless of when he/she formally requests family medical leave.
   4. If an employee fails to notify the Human Resource office of any extended sick leave taken, the leave taken will automatically be charged to family medical leave.
   5. The Elected Official, Department Director and Payroll must notify the Human Resource Department when an employee is absent for three (3) consecutive days.

H. <u>Return to Work</u>
   1. <u>Employees are expected to return to work when released by their health care provider (or when their family member is released). Failure to return to work when released by their or the family member's health care provider will be considered an abandonment of job.</u>
   2. If an employee takes leave for his or her own serious health condition, he or she must provide certification from his or her health care provider of his or her fitness to return to work.
   3. If an employee returns to work within 12 weeks, he/she will be returned to the same or a substantially similar position. Substantially similar position is defined as a job of similar job duties, job classification, work hours, and salary as that which was held at the time the employee went out on leave.
   4. The Elected Official or Department Director will notify the Human Resource Director immediately when the employee returns to work.

## RAC 19: MISCELLANEOUS

19.1 Safety

Rio Arriba County has established a workplace safety program and approved a Safety Policy to assist in providing a safe and healthy working environment for employees, constituents, and visitors. The Risk Management has the responsibility for implementing, administering, monitoring, and evaluating both the safety program and Safety Policy. Its success depends on the alertness and personal commitment of all employees. Elected Officials/Directors/Supervisor are responsible for the administering and monitoring of the RAC safety rules and regulations in their respective departments. All employees are required to:

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA

ROBERTA MARTINEZ,

Plaintiff,

vs. No. D-117-CV-2013-00050

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY,

Defendant.

**AFFIDAVIT OF ADÁN TRUJILLO**

COUNTY OF RIO ARRIBA )
)ss
STATE OF NEW MEXICO )

I, Adán E. Trujillo, of full age, being duly sworn according to law, upon my oath depose and state the following:

1. I am a lawyer licensed to practice law in the State of New Mexico.

2. I was previously in practice with Ted J. Trujillo. I have my own practice but continue to do legal work for Rio Arriba County as County Counsel with Ted Trujillo. I have handled employment matters for Rio Arriba County in my capacity as County Counsel since September 2004.

3. During my tenure as County Counsel, Rio Arriba County has not provided pre-termination hearings or grievance appeal proceedings to any employee who has abandoned his or her position with the County, or who did not return to employment after exhaustion of FMLA leave or any other type of leave.



FURTHER AFFIANT SAYETH NAUGHT.

[signature]
Adán E. Trujillo

COUNTY OF RIO ARRIBA )
) ss.
STATE OF NEW MEXICO )

SUBSCRIBED AND SWORN TO before me this 30 day of June, 2014 by Adán E. Trujillo.

[signature]
Notary Public

My commission expires:

4/8/2016

OFFICIAL SEAL
Sheila M. Vigil
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 4/8/2016

# Rio Arriba County Personnel Handbook







1122 Industrial Park Rd
Espanola, NM 87532

P.O. Box 127
Tierra Amarilla, NM 87575

*REVISED: 5-29-03*

P.02




RIO ARRIBA COUNTY

Welcome to Rio Arriba County.

We hope that your employment with us will be a rewarding experience. If you have been working for us prior to receipt of this handbook, we would like to express our sincere appreciation for your efforts and hope that you are enjoying your professional experience with us.

We are pleased to provide you with your personal copy of the Rio Arriba County Personnel Policy Handbook. This handbook is intended to give you a general understanding of common practices at Rio Arriba County (RAC). The information in this handbook should be a helpful reference during your association with us. However, it cannot anticipate every situation or answer every question about employment. In addition, this handbook is not an employment contract, either for initial or continued employment, nor does this handbook create any expressed or implied contractual obligations.

As part of your job responsibilities, you are expected to be familiar with the information in this handbook and to observe the guidelines set forth herein. To ensure that you fully understand our practices and procedures:

1. Make time now to review the contents of this handbook.
2. Make note of areas about which you are confused, or have questions.
3. Keep the handbook at work where it is easily accessible to you.
4. Refer to the handbook first when you have concerns or questions.
5. Be sure to keep your handbook up-to-date, promptly inserting revisions when they are issued.

Please direct any questions about the contents of this Rio Arriba County Policy Handbook to the Human Resource Director who will be happy to assist you.

You are encouraged to take advantage of your employment as a time to develop personally and professionally. To be effective, we need cooperation and effort from everyone. Operating as a team, our collective energy and creativity contributes to the overall success of Rio Arriba County, as well as your own individual success. You are encouraged to take justifiable pride in your personal contribution to our mission. Your efforts, as part of our team, are appreciated.

| | |
|---|---|
| Rio Arriba County Manager | 5-29-03 Date |
| Rio Arriba County Commissioner District I | 5-29-03 Date |
| Rio Arriba County Commissioner District II | 5-29-03 Date |
| Rio Arriba County Commissioner District III | 5-29-03 Date |