FILED IN MY OFFICE
DISTRICT COURT CLERK
7/24/2014 7:02:58 AM
STEPHEN T. PACHECO
Maureen Naranjo

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA

ROBERTA MARTINEZ,
    Plaintiff,

vs.    No. D-117-CV-2013-00050

BOARD OF COUNTY COMMISSIONERS FOR
RIO ARRIBA COUNTY,
    Defendant.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S BOARD OF COUNTY COMMISSIONERS FOR RIO ARRIBA COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS I AND II OF THE COMPLAINT ALLEGING BREACH OF CONTRACT AND WRONGFUL DISCHARGE

COMES NOW, Roberta Martinez, represented by SALAZAR LAW OFFICES, P.C. and AJ SALAZAR, Attorney at Law, and responds to Defendant Rio Arriba County Commissioners for Rio Arriba County's Motion for Partial Summary Judgment as to Counts I and II of the Complaint alleging Breach of Contract and Wrongful Discharge, hereinafter referred to as the "Motion for Partial Summary Judgment" and responds as follows:

### STATEMENT OF FACTS

Defendant's Statement of Undisputed Material Facts #s 1-6 as stated in their Motion for Partial Summary Judgment is incorporated herein.

### ARGUMENT

I.    **Plaintiff Did Not Abandon Her Position with the County Due to Her Not Returning to Work Upon the Exhaustion of her FMLA Leave. Rather, Plaintiff was Wrongfully Discharged Due to Her Medical Condition(s) as Plaintiff was a Protected Employee under the Americans with Disabilities Act.**



Plaintiff began to have health issues in August 2010 which were exacerbated by the Plaintiff's work environment with the Defendant County. Therefore, Plaintiff specifically requested Family Medical Leave paperwork from the County in mid-September 2010; however she was denied said paperwork after several requests. Because of the difficult work environment and escalating health problems, Plaintiff placed the County on notice that she was going to take her Family Medical Leave on October 26, 2010. Plaintiff specifically informed the County that her health issues included, "extreme fatigue, anxiety, insomnia, infection and weakness." Plaintiff was subsequently diagnosed with the following serious medical conditions, including, Systemic Lupus, Degenerative Disc Disease and Fibromyalgia. Plaintiff informed the County of such through her supervisor, Maria Montoya. During Plaintiff's period of FMLA Leave, she kept the County up-to-date on her conditions and also provided written documentation from her treatment providers informing the County of her condition and return to work status. Plaintiff did not abandon her position with the County, rather, she was wrongfully discharged due to her medical conditions.

Discrimination under the American with Disabilities Act in general is defined as, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment". 42 U.S.C. § 12112.

The term "discriminate against a qualified individual on the basis of disability" includes,

> not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

3
42 U.S.C. § 12112(b)(5)(a).

Plaintiff is a qualified individual under the Act and thus is protected. Additionally, the County knew of Plaintiff's medical conditions. This Court must reconcile both the Family Medical Leave Act and the American with Disabilities Act. Leave provisions of FMLA are wholly distinct from the reasonable accommodation obligations of employers covered under the ADA.

While FMLA provides an eligible employee the right to a temporary medical leave of absence for a serious health condition, ADA prohibits employment discrimination against "qualified individuals with disabilities." Reasonable accommodation is a critical component of the ADA's assurance of nondiscrimination and is any change in the work environment, or in the way things are usually done, that results in equal employment opportunity for an individual with a disability. An employer under ADA must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless it can show that the accommodation would cause an undue hardship on the operation of its business.

In the case of an employee with a serious health condition under FMLA who is also a qualified individual with a disability under ADA, requirements from both laws must be observed and applied in a manner that assures the most beneficial rights and protection. Instead of the Defendant County accommodating the Plaintiff, they fired her for her disabilities. Therefore, there is a genuine issue of material fact and summary judgment should not be granted.

## II.   Breach of Contract

At the time Plaintiff was terminated, she was employed by the County as a "Full-Time Classified Employee" who shall only be disciplined or discharged/terminated only for cause according to the Rio Arriba County Personnel Handbook. Based upon representations by the County, specifically, in the Personnel Handbook, Plaintiff had a reasonable expectation that she

could only be terminated for cause. Plaintiff not only believed and relied on the Personnel Handbook both as a written and implied contract of her employment, but also on her status with the County as a "Full-Time Classified Employee". She had successfully completed her probationary period and thus believed that she would enjoy such benefits as all other employees who had been with the County for longer than the probationary period. One such benefit, is that an employee in that status could only be terminated for cause.

Plaintiff believed that the Handbook controlled the employer-employee relationship and she reasonably believed that the policies and procedures outlined in the Handbook would be followed. As stated in *Cockrell v. Bd. Of Regents of N.M. State University*, 132 N.M. 156, 45 P.3d 876 (2002), citing, *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 427, 773 P.2d 1231, 1234 (1989), "[u]nder New Mexico law, a personnel manual gives rise to an implied contract if it controlled the employer-employee relationship and an employee could reasonably expect his employer to conform to the procedures it outlined." Because of the voluminous policies and procedures in the Handbook which were outlined and were to be followed, Plaintiff believed there was a contractual relationship. Furthermore, with that contractual relationship, Plaintiff relied on the fact that she could only be terminated for cause because of her status as a "Full-Time Classified Employee". Because Plaintiff was terminated for no justifiable reason, the County breached the employment contract by not following its own policies and procedures in the Handbook. More importantly, the County ignored Plaintiff's disabilities and violated Federal law, the American with Disabilities Act. Instead of termination, the County should have made reasonable accommodations for the Plaintiff to continue her employment with the County.

Therefore, this Court should not dismiss the Plaintiff's claim for Breach of Contract because there are facts in the present case that a jury could find that the Defendant's Handbook was either an express or implied contract and the Defendant breached that contract.

## CONCLUSION

WHEREFORE, Plaintiff respectfully prays for this Court to DENY the Defendant's Motion for Partial Summary Judgment and allow all Plaintiff's claims be preserved and for such other relief as this Court deems just and proper.

Respectfully Submitted,

SALAZAR LAW OFFICES, P.C.

_____/S/_____
AJ SALAZAR, ESQ.
NM Bar #7516
Salazar Law Offices, P.C.
P.O. Box 171
Alcalde, New Mexico 87511
Phone: (505) 747-3977
Fax: (505) 471-2366

I HEREBY CERTIFY that on the 24th day of July, 2014, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Yensen, Allen & Wosick, P.C.
Attn: Mr. Robert W. Becker
*Attorney for Defendant*
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736
(505)266-3995
rbecker@ylawfirm.com

_____/S/_____