FILED IN MY OFFICE
DISTRICT COURT CLERK
7/28/2014 1:33:30 PM
STEPHEN T. PACHECO
Rachel Vannoy

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA

ROBERTA MARTINEZ,

        Plaintiff,

vs.                                        No. D-117-CV-2013-00050

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY,

        Defendant.

## DEFENDANT RIO ARRIBA COUNTY BOARD OF COUNTY COMMISSIONERS' REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS I AND II OF THE COMPLAINT ALLEGING BREACH OF CONTRACT AND WRONGFUL DISCHARGE

### Reply Introduction

This case is at the summary judgment stage. Rule 56 requires a plaintiff to go beyond her pleadings and come forward with admissible evidence setting forth specific facts showing there is a genuine issue for trial. Blauwkamp v. University of N.M. Hosp., 114 N.M. 228 (Ct. App. 1992). Ms. Martinez has not come forward with any admissible evidence, just the argument of counsel. Argument of counsel is not evidence. Wall v. Pate, 1986-NMSC-014, ¶ 5, 104 N.M. 1, 715 P.2d 449, overruled on other grounds by Sunnyland Farms, Inc. v. Cent. N.M. Elec. Co-Op, Inc., 2013-NMSC-017, ____ N.M. _____, 301 P.3d 387, see State v. Spearman, 2012-NMSC-023, ¶ 39 ____ N.M. _____, 283 P.3d 272 ("[a]llegations of counsel are not generally considered evidence" in rejecting counsel's claim of prejudice.).

Moreover, Ms. Martinez has adopted six out of eleven of the County's statement of undisputed material facts in her response and did not controvert the other five. See Plaintiff's



Response filed July 24, 2014, p. 1 ("Defendant's Statement of Undisputed Material Facts #'s 1-6 as stated in their Motion for Partial Summary Judgment is incorporated herein."). By doing so, those facts are deemed admitted for purposes of ruling on the County's motion. NMRA 1-056 D (2) ("all material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted."); Carrillo v. Hoyl, 85 N.M. 751, 752 (Ct. App. 1973) ("[s]ince there are no opposing affidavits or depositions which controverted. . . the facts [of the moving party], they must be taken as true."); Archuleta v. Goldman, 107 N.M. 547, 551 (Ct. App. 1987) ("[b]ecause plaintiff filed no opposing affidavits, interrogatories, depositions or answers to requested admissions controverting defendants' exhibits, they must be taken as true.").

### Established Facts for Purposes of Summary Judgment Motion

Before the Court are, thus, the following established facts:

1. Ms. Martinez took family medical leave on October 27, 2010 and exhausted her twelve weeks of family medical leave on January 19, 2011.

2. At the exhaustion of her twelve weeks of family medical leave, Ms. Martinez did not return to work.

3. In fact, her physician certified that Ms. Martinez would not be able to return to work.

4. The County could no longer hold open Ms. Martinez's position and her employment with the County ended on February 5, 2011.

5. Ms. Martinez was not terminated for discipline. Instead, her cessation of employment was treated by the County, pursuant to its policies and procedures, as job abandonment for which no hearing is provided.

6. The County's Personnel Handbook disclaims that it is a contract of employment, in any event.

2

## ARGUMENT

### I. The County Was Not Required to Provide a Reasonable Accommodation to Ms. Martinez Where She Was Unable to Return to Work and Had Not Exhausted Her Remedies Before the Human Rights Division On Her Claim of Disability Discrimination.

Ms. Martinez argues in her response that she was owed a reasonable accommodation by the County under the Americans With Disabilities Act ("ADA") despite the fact that after exhaustion of her twelve (12) weeks of family medical leave ("FMLA"), she did not return to work. There are two major problems with Ms. Martinez's argument.

First, it is undisputed that Ms. Martinez was unable to return to work. Her physician certified to same when Ms. Martinez applied for state disability. See Supplemental Affidavit of Jessica Madrid, Exhibit B to the County's Motion, ¶ 3, sub-exhibit 2. The County is not required to provide a reasonable accommodation to an employee who cannot return to work. See, e.g., Hudson v. MCI Telecommunications, 87 F.3d 1167, 1168-69 (10th Cir. 1996), citing Myers v. Hose, 50 F.3d 278, 283 (4th Cir. 1995) ("the term 'reasonable accommodation' refers to those accommodations which presently, or in the near future, enable the employee to perform the essential functions of his job.").

Second, this Court has already ruled that it has no jurisdiction to hear claims of discrimination because Ms. Martinez did not timely file a claim of discrimination with the New Mexico Human Rights Division. See Order Granting the County's Motion for Partial Summary Judgment as to Counts III, IV and V of the Complaint, filed June 23, 2014. An ADA claim is a claim alleging discrimination. A plaintiff must exhaust her remedies before the EEOC, or in this case, the Human Rights Division, as a prerequisite to hearing claims of disability discrimination. James v. Runyon, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996); Khader v. Aspin, 1 F.3d 968, 970-71

(10th Cir. 1993). The Court having ruled that any claims of discrimination were untimely, that is the law of the case. Souter v. Ancae Heating & Air Conditioning, 2002-NMCA-078, ¶ 24, 132 N.M. 608, 52 P.3d 980 ("under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes a binding precedent in successive stages of the same litigation."). Ms. Martinez is thus precluded from arguing that the County did not afford her a reasonable accommodation under the ADA.

## II.  Ms. Martinez Was Not Entitled to a Hearing Prior to Termination Under the County's Policies and Procedures and She Had No Property Interest Entitling Her to Same When She Abandoned Her Position.

The conceded facts on the County's motion are that Ms. Martinez did not return to work after she exhausted her twelve weeks of FMLA leave. Under the County's personnel policies, such action is treated as job abandonment and a voluntary resignation. See County's Motion, Madrid, Supplemental Affidavit, Exhibit B, ¶ 7, sub-exhibit 4, p. 30, Section 18.2 "Unauthorized Leave" ("[a]bsence for three (3) consecutive days, without approved leave, may be considered a voluntary resignation from employment by the employee"); p. 35 Section 18.20 "Family and Medical Leave Act (FMLA) ("[f]ailure to return to work when released by their or the family member's health care provider will be considered an abandonment of the job"). See also, McClelland v. Community Care HMO, Inc., 503 Fed. Appx. 655, 659 (10th Cir. 2012) (holding that if an employee fails to return to work after her FMLA leave expires, she can be terminated).

The County's personnel policies clearly state that they are not a contract. Exhibit D to County's Motion. Ms. Martinez does not dispute same with any admissible evidence. But even if they constituted a contract, nothing was breached. Ms. Martinez was not disciplined – she just did not return to work. The County's own policies and procedures do not require a

4

pretermination hearing, notice of decision and grievance appeal hearing under those circumstances. County's Motion, Exhibit B, ¶¶'s 6-9, sub-exhibits 3-4. See also, Affidavit of Adan Trujillo attached as Exhibit C to the County's motion.

Moreover, although not expressly argued by Ms. Martinez, as a matter of due process, she would not be entitled to notice and an opportunity to be heard solely because she was a classified employee. One who abandons their job does not have a property interest in same. See e.g., Dies v. City and County of Denver, 174 Colo. 217, 483 P.2d 378 (1971). See also, Carrington v. Maham, 51 F.3d 106, 108 (8th Cir. 1995) ("By voluntarily abandoning her job, Carrington relinquished her property interest in continued employment, and no due process concerns are implicated here.").

To summarize, Ms. Martinez does not cite to one provision in the County's personnel policies that was breached, and she was not entitled to any process when she did not return to work. There is simply no issue for trial as to: (1) breach of contract; or (2) wrongful termination.

## CONCLUSION

For the reasons stated herein and those stated in its initial moving papers, the County is entitled to summary judgment on Counts I and II of Ms. Martinez's Complaint, alleging breach of contract and wrongful discharge.

5

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

/s/ **Robert W. Becker**
Robert W. Becker
*Attorney for Defendant Rio Arriba*
*County Board of County Commissioners*
4908 Alameda Blvd NE
Albuquerque, NM  87113-1736
(505) 266-3995
rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 28th day of July, 2014, I filed the foregoing electronically through the Odyssey Filing System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Antonio J. Salazar
*Attorney for Plaintiff*
P.O. Box 171
Alcalde, NM  87511-0171
(505) 459-8571
ajsalazarlaw@gmail.com

*/s/ Robert W. Becker*

6