## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERTA MARTINEZ,

    Plaintiff,

v.                                             Civ. No. 14-761 WPL/KK

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY,

    Defendant.

## **INITIAL SCHEDULING ORDER**

This case is assigned to me for scheduling, case management, discovery and all other non-dispositive motions. Counsel are required to comply with the Local Civil Rules of the United States District Court for the District of New Mexico, as well as the Federal Rules of Civil Procedure. Civility and professionalism are required of counsel throughout this litigation. Counsel *must* comply with the State Bar of New Mexico's "Creed of Professionalism."

Counsel and any *pro se* parties will **"meet and confer,"  preferably in person, no later than October 28, 2014** to discuss (1) the nature and bases of their claims and defenses; (2) the possibility of a prompt resolution or settlement; (3) making or arranging for complete initial disclosures as required by Rule 26(a)(1); (4) preserving discoverable information; and (5) the formulation of a provisional discovery plan. Fed. R. Civil. P. 26(a)(1), (f). In formulating a provisional discovery plan, the parties should meaningfully discuss: (i) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to particular issues; (ii) any issues about the disclosure or discovery of electronically stored information, including the form(s) in which it should be

produced; (iii) any issues about claims of privilege or confidentiality of materials, including exploring whether the parties can agree on a procedure to assert these claims and whether they will ask the Court to include any agreement in an order; (iv) whether any changes should be sought to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules; and, (v) the facts and the law governing the case to which the parties are willing to stipulate.

Initial disclosures under Rule 26(a)(1) must be made within fourteen (14) days of the meet and confer session, unless a different time is set by stipulation or court order. The parties are advised to strictly follow the letter and spirit of Rule 26(a)(1) in preparing their initial disclosures. Fed. R. Civ. P. 26(a)(1). Initial disclosures are intended to accelerate the exchange of core information about the case and eliminate the need for formal discovery at the early stages of litigation. See 1993 Advisory Committee Notes to Fed. R. Civ. P. 26(a)(1). The parties must seek to meet these objectives in making their initial disclosures, and should be prepared to explain how they have fully complied with their obligations under Rule 26(a)(1) at the Initial Scheduling Conference.

The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR") which follows the sample JSR form available on the United States District Court's website. All attorneys must show their complete mailing address and telephone number(s) under the "Appearances" section of the JSR. *Do not* indicate witnesses' addresses as "in care of" an attorney's office. The city or town of residence of each witness must be included so that the trial judge can consider that information in determining the trial location. The parties are to fill in the blanks for suggested/proposed dates bearing in mind that the time allowed for discovery is

generally 120 to 180 days from the date of the Rule 16 Initial Scheduling Conference. The Court will determine actual case management deadlines after consideration of the parties' requests. Plaintiff, or Defendant[1] in removed cases, is responsible for electronically filing the JSR by **November 7, 2014.**

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's written approval obtained for any modification of the dates to the case management deadlines established by the Court at the scheduling conference.

A Rule 16 Initial Scheduling Conference will be held in my chambers, Suite 630, Pete V. Domenici United States Courthouse, 333 Lomas Blvd., Albuquerque, New Mexico, on **November 18, 2014 at 9:30 a.m**.[2] At the conference, counsel must be prepared to discuss all claims and defenses, initial disclosures, discovery requests and scheduling, issues relating to the disclosure or discovery of electronically-stored information, the timing of expert disclosures and reports under Rule 26(a)(2), and the use of scientific evidence and whether it is anticipated that a Daubert[3] hearing will be needed. We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Lead counsel and parties appearing *pro se* must participate unless excused by the Court. Parties represented by counsel need not attend. If service on all parties is not complete, Plaintiff is responsible for notifying all parties of the content of this order.

---

[1] Herein, the terms "Plaintiff" and "Defendant" shall encompass both singular and plural meanings.

[2] Out-of-town *pro se* parties or counsel may appear by telephone. Please advise my chambers at least 48 hours before the conference if you would like to appear by telephone. *Pro se* parties and counsel appearing by telephone are to call the Court's "Meet Me" conference line at (505) 348-2347 to connect to the proceedings.

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993)

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE