IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERTA MARTINEZ,

    Plaintiff,

vs.                                                           No. 1:14-CV-00761 WPL-KK

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY,

    Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on October 28, 2014 telephonically and was attended by:

Antonio J. Salazar for Plaintiff, Salazar Law Offices, P.C., P.O. Box 171, Alcalde, NM 87511-0171, (505) 747-3977

Robert W. Becker for Defendant, Yenson, Allen & Wosick P.C., 4908 Alameda Blvd., NW, Albuquerque, NM 87113, (505) 266-3995

## NATURE OF THE CASE

This case arises out of the Plaintiff's separation of employment with Rio Arriba County due to exhaustion of leave under the Family Medical Leave Act and not returning to work. Plaintiff brings state law claims and in defense to a motion for summary judgment filed by Rio Arriba County in state district court, alleged for the first time that Plaintiff's separation from employment violated the reasonable accommodations provision of the Americans with Disabilities Act. The County removed the suit to this Court at that point in time.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: None contemplated at this time, however Plaintiff reserves the right to amend her pleadings and to join additional parties pursuant to the Court's scheduling order.

-1-

Plaintiff(s) should be allowed until December 2, 2014 to move to amend the pleadings and until December 2, 2014 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file: None contemplated at this time but Defendant reserves the right to amend pleadings and to join additional parties pursuant to the Court's scheduling order.

Defendant should be allowed until December 19, 2014 to move to amend the pleadings and until December 19, 2014 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: any and all facts conceded/established in Defendant's pending motion for summary judgment and any and all facts established in Plaintiff's response to Defendant's pending motion for summary judgment.

The parties further stipulate and agree that the law governing this case is: no stipulation on the law.

## PLAINTIFF'S CONTENTIONS:

Plaintiff started working with Rio Arriba County in 2007. Plaintiff began to have health issues in August 2010 which were exacerbated by the Plaintiff's work environment with the Defendant County. Therefore, Plaintiff specifically requested Family Medical Leave paperwork from the County in mid-September 2010; however she was denied said paperwork after several requests. Because of the difficult work environment and escalating health problems, Plaintiff placed the County on notice that she was going to take her Family Medical Leave on October 26,

2010. Plaintiff specifically informed the County that her health issues included, "extreme fatigue, anxiety, insomnia, infection and weakness." Plaintiff was subsequently diagnosed with the following serious medical conditions, including, Systemic Lupus, Degenerative Disc Disease and Fibromyalgia. Plaintiff informed the County of such through her supervisor, Maria Montoya. During Plaintiff's period of FMLA Leave, she kept the County up-to-date on her conditions and also provided written documentation from her treatment providers informing the County of her condition and return to work status. Plaintiff did not abandon her position with the County, rather, she was wrongfully discharged due to her medical conditions. The Defendant County violated Plaintiff's rights guaranteed under the Americans with Disabilities Act.

Plaintiff is a qualified individual under the Act and thus is protected. Additionally, the County knew of Plaintiff's medical conditions. This Court must reconcile both the Family Medical Leave Act and the American with Disabilities Act. Leave provisions of FMLA are wholly distinct from the reasonable accommodation obligations of employers covered under the ADA.

While FMLA provides an eligible employee the right to a temporary medical leave of absence for a serious health condition, ADA prohibits employment discrimination against "qualified individuals with disabilities." Reasonable accommodation is a critical component of the ADA's assurance of nondiscrimination as is any change in the work environment, or in the way things are usually done, that results in equal employment opportunity for an individual with a disability. An employer under ADA must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless it can show that the accommodation would cause an undue hardship on the operation of its business.

In the case of an employee with a serious health condition under FMLA who is also a qualified individual with a disability under ADA, requirements from both laws must be observed

and applied in a manner that assures the most beneficial rights and protection. Instead of the County accommodating the Plaintiff, they fired her for her disabilities.

At the time Plaintiff was terminated, she was employed by the County as a "Full-Time Classified Employee" who shall only be disciplined or discharged/terminated only for cause according to the Rio Arriba County Personnel Handbook. Based upon representations by the County, specifically, in the Personnel Handbook, Plaintiff had a reasonable expectation that she could only be terminated for cause. Plaintiff not only believed and relied on the Personnel Handbook both as a written and implied contract of her employment, but also on her status with the County as a "Full-Time Classified Employee". She had successfully completed her probationary period and thus believed that she would enjoy such benefits as all other employees who had been with the County for longer than the probationary period. One such benefit is that an employee in that status could only be terminated for cause.

Plaintiff believed that the Handbook controlled the employer-employee relationship and she reasonably believed that the policies and procedures outlined in the Handbook would be followed. Because Plaintiff was terminated for no justifiable reason, the County breached the employment contract by not following its own policies and procedures in the Handbook. More importantly, the County ignored Plaintiff's disabilities and violated Federal law, the American with Disabilities Act. Instead of termination, the County should have made reasonable accommodations for the Plaintiff to continue her employment with the County.

## **DEFENDANT'S CONTENTIONS**

Roberta Martinez ("Ms. Martinez") began employment with the County on September 25, 2007 as an Adult Day Care Aide/Driver. On May 14, 2010, she was reclassified to Center Coordinator for the Espanola Senior Center. Ms. Martinez requested Family Medical Leave

(FMLA) on October 27, 2010 due to her medical condition. On November 3, 2010, she received disability.

Ms. Martinez exhausted her 12 weeks of FMLA leave on January 19, 2011. She was given advance notice of the impending exhaustion by letter dated January 6, 2011. However, she had disability benefits and paid leave donations from other employees that carried her through February 4, 2011 in terms of pay. Ms. Martinez did not return to work after her 12 weeks of FMLA leave expired. In fact, her physician certified that she would be unable to return to work.

Rio Arriba County could no longer hold open Ms. Martinez's position as of February 4, 2011. Ms. Martinez's employment with Rio Arriba County ended February 5, 2011 due to exhaustion of FMLA leave.

This case originated in the First Judicial District Court, Rio Arriba County. The Complaint alleged no federal question claims. On June 23, 2014, the Honorable Raymond Z. Ortiz, District Court Judge, granted Defendant Rio Arriba County's Motion for Partial Summary Judgment as to Counts III, IV and V of Plaintiff's Complaint, alleging violation of the New Mexico Human Rights Act, discrimination and intentional infliction of emotional distress.

On July 7, 2014, Defendant Rio Arriba County filed a second summary judgment motion in the First Judicial District Court as to Counts I and II of Plaintiff's complaint alleging breach of contract and wrongful discharge. On July 24, 2014, the Plaintiff filed a response to the motion. In her response, Plaintiff raised the reasonable accommodation standards of the Americans with Disabilities Act, 42 U.S.C. § 12112 (b) (5) (a), as a reason why the County's motion should not be granted. On July 28, 2014, the County filed a reply in support of its motion.

On August 20, 2014, defense counsel sent Plaintiff's counsel an email which stated the following: "[p]lease confirm or deny that you are pursuing a claim based on the Americans with Disabilities Act (ADA)." Plaintiff's counsel never responded to this email. Consequently,

pursuant to 28 U.S.C. § 1446 (b) (3), Huffman v. Saul Holdings Limited Partnership, 194 F.3d 1072 (10th Cir. 1999), Jackson v. Brooke, 626 F.Supp 1215 (D. Colo. 1986), Hubbard v. Union Oil Co. of California, 601 F.Supp. 790 (S.D. W.Va. 1985) and O'Bryan v. Chandler, 356 F. Supp. 714 (W. D. Okla. 1973) (which interpret 28 U.S.C. § 1446 (b) (3)), the County removed the suit to this Court on August 22, 2014. (Doc. 1). The same day, the County notified the First Judicial District Court and Plaintiff's counsel of the removal.

On September 8, 2014 the County filed the state court record in this Court. On September 15, 2014, the above briefing was filed in this Court as an attachment to a Notice of Completion of Briefing. (Doc. 6). The County awaits a decision on that motion and believes for the reasons stated therein, the remaining counts of the Complaint should be dismissed with prejudice.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> ***List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."***

**Plaintiff's Witnesses**:

1.  Jessica Madrid, (Former Human Resources Director)
    Rio Arriba County
    Tierra Amarilla, NM

Ms. Madrid will testify as to all facts of which she has personal knowledge regarding Plaintiff's employment with Rio Arriba County, including her employment, provisions of the Rio Arriba County Handbook and any and all documentation contained within Plaintiff's personnel file.

2.  Maria Montoya, Former Senior Programs Director
    Rio Arriba County
    address unknown

Ms. Montoya will testify as to any and all facts of which she has personal knowledge regarding her working relationship with Plaintiff, including her employment and eventual termination.

    3.      Tomas Campos, County Manager
              Rio Arriba County

Mr. Campos will testify to all facts of which he has personal knowledge of regarding Plaintiff's employment with Rio Arriba County, and Plaintiff's separation of employment with Rio Arriba County, as well as the provisions of the Rio Arriba County Handbook.

    4.      Roberta Martinez, Plaintiff
              c/o Salazar Law Offices, P.C.
              P.O. Box 171
              Alcalde, NM 87511
              (505) 747-3977

The Plaintiff will testify as to her employment, employment issues, her medical conditions, her ability to work and the circumstances surrounding her termination of employment and the consequences thereof.

**Defendant's Witnesses**:

    1.      Jessica Madrid, Former Human Resources Director (Canjilon, NM)
              Rio Arriba County
              c/o Yenson, Allen & Wosick
              4908 Alameda Blvd., NE
              Albuquerque, NM 87113-1736
              (505) 266-3995

Ms. Madrid will testify to all facts of which she has personal knowledge of regarding Roberta Martinez's employment with Rio Arriba County, Ms. Martinez's exhaustion of FMLA leave and the separation of Ms. Martinez's employment with Rio Arriba County.

    2.      Tomas Campos, County Manager (Chama, NM)
              Rio Arriba County
              c/o Yenson, Allen & Wosick
              4908 Alameda Blvd., NE
              Albuquerque, NM 87113-1736
              (505) 266-3995

County Manager Campos will testify to all facts of which he has personal knowledge of regarding Roberta Martinez's employment with Rio Arriba County, Ms. Martinez's exhaustion of FMLA leave, Ms. Martinez's separation of employment with Rio Arriba County and the provisions of the Rio Arriba County Handbook.

3. Maria Montoya, Former Senior Programs Director
(Rio Arriba County)
address unknown

Ms. Montoya will testify to Roberta Martinez's employment at Rio Arriba County, Ms. Martinez's utilization of FMLA leave, Ms. Martinez's exhaustion of FMLA leave and the separation of Ms. Martinez's employment.

4. Roberta Martinez (Espanola, NM)
c/o A. J. Salazar, Esq.
P.O. Box 171
Alcalde, NM 87511
(505) 459-8571

Ms. Martinez will testify to her exhaustion of FMLA leave, and her inability to return to work.

5. Adan Trujillo, Esq. (Chimayo, NM)
P.O. Box 2185
Espanola, NM 87532-2185
(505) 459-8635

Mr. Trujillo is County Counsel. He will testify to an absence of any hearings under Rio Arriba County's Handbook for employees who abandon their positions, through exhaustion of leave or otherwise.

6. Lyle Amer, M.D. (Santa Fe, NM)
2212 Brother's Road
Santa Fe, NM 87505-
(505) 983-9460

Dr. Amer will testify that Plaintiff is unable to work.

***List all documents which you believe, at this time, will be exhibits at the trial.***

**Plaintiff's Exhibits**:

1. Plaintiff's personnel file

2. Rio Arriba County Personnel Handbook

3. Medical records (as deemed necessary)

**Defendant's Exhibits**:

a. January 6, 2011 letter from Jessica Madrid to Roberta Martinez with certified mail, return receipt

    b.       State of New Mexico Disability Benefits Physician Status Update form dated 1/11/11

    c.       Rio Arriba County Personnel Handbook Policy 16

    d.       Rio Arriba County Personnel Handbook Policy 10

    e.       Rio Arriba County Personnel Handbook Policy 18

    f.       Preamble to Rio Arriba County Personnel Handbook

*List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.*

**Plaintiff's Experts**:

1. Dr. James Delgado, M.D.,
   Pojoaque Primary Care
   5 Petroglyph Circle, Suite A,
   Santa Fe, NM 87606,
   505 455 1962

   Will testify as to Plaintiff's medical condition(s) and treatment and opinion(s) as to ability to work.

2. Dr. Erin Bouquin, M.D.
   Los Alamos Family Care
   1460 Trinity Drive, Suite
   Los Alamos, NM 87544
   505 662 0768

   Will testify as to Plaintiff's medical condition(s) and treatment and opinion(s) as to ability to work.

3. Dr. Lyle Amer, Rheumatologist
   2212 Brothers Road,
   Santa Fe, NM 87505
   505 983 9460

   Will testify as to Plaintiff's medical condition(s) and treatment and opinion(s) as to ability to work.

4. Dr. Judith Bent, MS Ed LISW
   Nambe Physiotherapy
   193 County Road 113
   Santa Fe, NM 87506
   505 455 7750

   Will testify as to Plaintiff's medical condition(s) and treatment and opinion(s) as to ability to work.

5. Dr. Robin Hermes, M.D.
   Santa Fe Pain Clinic
   1631 Hospital Drive, Suite 100
   Santa Fe, NM 87505

   Will testify as to Plaintiff's medical condition(s) and treatment and opinion(s) as to ability to work.

**Defendant's Experts**:

Defendant reserves the right to name a testifying expert within the deadline set forth in the Court's scheduling order.

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)* Plaintiff's theories of recovery and damages, and Defendant's defenses.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 25 requests for production of documents by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff and 10 by Defendant.

Each deposition (other than of parties and experts) limited to a maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

> from Plaintiff by December 19, 2014
>
> from Defendant by February 13, 2015

Supplementation under Rule 26(e) due in accordance with the Federal Rules of Civil Procedure.

All discovery commenced in time to be complete by March 31, 2015.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Any necessary discovery motions and motions in limine.

Defendant intends to file: Any necessary discovery motions, motions for summary judgment (one is already filed (see Doc. 6)) and any necessary Daubert motions and motions in limine.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3 days.

____ This is a non-jury case.

_X_ This is a jury case.

The parties request a pretrial conference 30 days prior to trial.

## SETTLEMENT

The possibility of settlement in this case is considered poor. The parties request a settlement conference at the conclusion of discovery. The parties already had a court ordered mediation in August, 2014 while the matter was in state district court. The mediation was unsuccessful.

## **EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

                                    APPROVED WITH/WITHOUT EXCEPTIONS
                                    (note exceptions above)


                                    ***/s/ Antonio J. Salazar***
                                    Antonio J. Salazar For Plaintiff


                                    ***/s/ Robert W. Becker***
                                    Robert W. Becker For Defendant